## 8934

BESSINGER *ET AL.* v. SEABOARD AIR LINE RAILWAY.

(83 S. E. 457.)

CARRIER AND PASSENGER. RAILROADS. CHARGE. WAITING ROOMS. NEGLECT TO PROVIDE ACCOMMODATIONS.

1. Civil Code 1912, sec. 3266, requires railroad companies doing business as carriers of passengers to keep, at every office where tickets for transportation over its road are sold, waiting rooms prepared for the accommodation of both incoming and outgoing passengers, as the necessities of the occasion may demand.

2. Under Civil Code 1912, sec. 3266, requiring every railroad company to keep at every office where tickets are sold for travel over its road two rooms or apartments of reasonable size for the amount of travel at such office, such rooms to be in charge of an employee and kept open at such hours as to accommodate passengers traveling over the road on any of its passenger trains, where the waiting room of a station where a telegraph and ticket office was kept and tickets sold to passengers was not open when a regular local train reached such station during the night, resulting in a passenger being compelled, with her infant child, to travel in the cold over ground covered with sleet and snow about 500 yards to the home of her mother-in-law, whereby she suffered intensely and became sick, the company was liable in damages, as the benefits of the statute are not limited to outgoing passengers, but apply equally to incoming passengers.

3. Where defendant requested the Judge to charge: "If the jury shall find that the snow and sleet storm was so unusual, that is, such a rare occurrence that the defendant could not reasonably have anticipated it and provided against it in the exercise of the legal duty owed by defendants to plaintiffs, then the defendant is not responsible for the suffering or injuries sustained by plaintiffs, if any, by reason of the storm," his exception to the modification of the charge by adding: "I charge this in a modified form * * * if you believe the storm * * * arose at such time as the office was closed and the agent had retired, so that the railroad company could not anticipate such a condition of that character, then they would not be charged with the condition, but if you find that the snow had fallen several days before, and was on the ground then it would be notice," as upon the facts, overruled; there being no intimation of the opinion of the Judge on any fact, and the entire charge showing that the jury was advised that they were the sole judges of the facts.

Before HON. CHARLES CARROLL SIMMS, special Judge, Bamberg, November; 1913. Affirmed.

Action by Mrs. Lula Bessinger and J. G. Bessinger, her husband, against Seaboard Air Line Railway. The facts are stated in the opinion of the Court. From a judgment for plaintiff, defendant appealed upon the following exceptions:

1. Because his Honor should have directed a verdict for the defendant as requested by defendant, as follows:

"II. The defendant requests the direction of a verdict in each case upon the following grounds:

"(a) Because there is no evidence that the defendant has violated any legal duty owed to the plaintiffs."

2. Because his Honor should have directed a verdict for defendant as requested by defendant, as follows:

"II. The defendant requests the direction of a verdict upon the following grounds:

"(b) Because it cannot be inferred from the evidence that the violation of any duty owed by defendant to plaintiffs was the direct or proximate cause of any injury or damange to plaintiffs."

3. Because his Honor erred in charging the jury as follows:

"Now, gentlemen, if you find from the evidence in this case that these plaintiffs were passengers on this train and had paid their fares, then at the station of Olar, which was a station on the defendant's line of railroad, the obligation upon the railroad to protect the passenger after she had embarked from the train is fixed as much in the nighttime as it is in the daytime. * * *

"From the testimony in this case the railroad trains were scheduled to pass Olar at night, and whether it was a flag stop or not, if the custom was to run trains at night, and held themselves out to the public as carriers of passengers, they assumed· the responsibility of providing a place for the passenger to alight at and be housed until the passenger got himself or herself together."

The error being that there is no duty upon a railroad company to have its waiting room open for passengers arriving upon a train at what is commonly known as a flag station for that train and which is neither held out nor advertised as a regular station and office where tickets are sold for travel on the train in question. It was, therefore, error to charge the jury that the defendant assumed the responsibility of providing a place for the passenger to be housed until he got himself or herself together, even though it was a flag station for the train, and was not held out or advertised by defendant as a regular station for the train in question, and though it was not an office where tickets were sold for travel on the train in question.

4. Because his Honor erred in charging the jury as follows:

"Now, Mr. Foreman and gentlemen of the jury, if you believe from the testimony in this case that this railroad did not furnish a waiting room for this lady and this child, then you would find that the railroad company under the instructions that I have just given you have violated the section of the statute and the common law liability, but that wouldn't mean that a verdict should be found for the plaintiff, unless you find that the plaintiffs have been damaged by this failure upon the part of the railroad company, in other words, if you find that they have been damaged at all, if her injuries and suffering were caused by the fact that she could not get in the depot that night. In other words, the injuries that she complains about must be caused in direct consequence of not being able to get into the depot."

The error being that this placed a duty upon the defendant to have a waiting room open at the station of Olar irrespective of the question whether the station of Olar was a flag station for the train in question, and irrespective of the question whether such station was held out or advertised by defendant as a regular station, and irrespective of

· the question whether an office was maintained there where tickets were sold for travel for the train in question, when, at least, these issues should have been submitted to the jury, since they were raised by the pleadings and testimony. And the jury should have been instructed that if they found these issues in favor of the defendant, then there was no duty of the defendant, either under section 3266 of the Code or the common law of this State, to have the waiting room open for a passenger arriving on the train.

5. Because his Honor should have charged defendant's request number three, as follows:

"III. The defendant was under no duty to have its waiting room open at Olar upon the arrival of the train on which plaintiffs were riding."

The error being that the only inference to be drawn from the entire testimony was that the station of Olar was a flag station for the train upon which plaintiff arrived and was not an office where tickets were sold for travel on said train and that the defendant neither advertised nor held out or regularly maintained said station as a regular station or as a station where tickets were sold for travel for that train, and under these undisputed facts, the request stated a correct proposition of law applicable thereto.

6. Because his Honor erred in refusing defendant's fifth request, as follows:

"V. The defendant was under no duty to have an agent or an employee in charge of its waiting room at Olar to meet the train upon which plaintiffs were passengers."

And erred in charging with reference thereto, as follows:

"As to that I charge you under the law as I have given it to you, an employee is required under the statute to be in charge of the waiting room at the time of arrival and departure of trains for such a length of time as the jury might consider necessary for the accommodation of passengers."

The error being that the statute does not require an employee to be in charge of a waiting room at the time of the arrival or departure of a train when the station is a flag station and not advertised or held out as a regular station where tickets are sold for travel on the train in question, and since the undisputed facts admitted only of this inference, the request stated a correct proposition of law applicable thereto.

7. Because his Honor should have charged defendant's sixth request, as follows:

"VI. The statute requiring waiting rooms to be open applies only to stations at which tickets are regularly sold for the train upon which incoming passengers arrive."

The error being that this request stated the correct construction of the statute as applied to the pleadings and testimony in this case.

8. Because his Honor erred in refusing to charge, without modification, defendant's seventh request, as follows:

"VII. If the jury shall find that the snow and sleet storm was so unusual, that is such a rare occurrence, that the defendant could not reasonably have anticipated it and provided against it in the exercise of the legal duty owed by defendant to plaintiffs, then the defendant is not responsible for the suffering or injuries sustained by plaintiffs, if any, by reason of the storm."

And erred in modifying same as follows:

"I charge you this in a modified form. I charge you, gentlemen, that if you believe that the storm, the snowstorm or sleet arose at such a time as the office was closed and the agent had retired, so that the railroad company could not anticipate such a condition of that character, then they would not be charged with the condition, but if you find that the snow had fallen several days before and was on the ground then it would be notice."

The error being:

(a) That the request as submitted stated a correct proposition of law entirely applicable to the pleadings and testimony.

(b). That the charge modifying the request was a charge on the facts in violation of article V, section 26 of the Constitution, in that his Honor specified and told the jury what facts would constitute notice, when it was a question solely for the jury to pass upon as to whether defendant could have reasonably anticipated and provided against the storm in the exercise of the duty owed by it to plaintiff.

*Messrs. Mayfield & Free* and *Lyles & Lyles,* for appellant, submit: *No duty to furnish waiting room and have an agent at flag station:* Civil Code, sec. 3266, *compared with* sec. 3225; 72 S. C. 442; 73 S. C. 273; and cite: 102 Ky. 300; 53 L. R. A. 149; 28 Ky. L. Rep. 464; 89 S. W. 528; 13 Ind. App. 530; 41 N. E. 952; 76 Minn. 469; 79 N. W. 510; 56 S. E. 518; 15 Lea (Tenn.) 628; 9 So. 349; 80 Ind. 168; 31 Pac. 901; 119 Ga. 88; 46 S. E. 71. *Distinguished:* 92 S. C. 197, 202. *No duty to have waiting room open to furnish plaintiff a lodging place for the night:* 66 S. C. 528; 75 N. E. 282; 119 Ga. 88; 46 S. E. 71. *Distinguished:* 66 S. C. 6; 88 S. C. 448; 92 S. C. 200. *Failure to keep waiting room open not proximate cause of injuries:* 75 S. C. 355; 54 S. C. 511; 1 Strob. 525. *Charge on facts:* 51 S. C. 453; 76 S. C. 49; 68 S. C. 153; 86 S. C. 285.

*Messrs. R. C. Holman* and *Carter & Carter,* for respondents, cite: 66 S. C. 6; 88 S. C. 447; 92 S. C. 197; Civil Code 1912, sec. 3266.

September 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for actual and punitive damages by the plaintiffs against the defendant, and resulted in a ver-

dict for the plaintiffs in the sum of one thousand dollars actual damages, as the action for punitive damages was withdrawn when his Honor charged the jury.

The cause was tried before the Honorable Charles Carroll Simms, as special Judge, and a jury, at the November term of Court, 1913, for Bamberg county. When all of the evidence was in the defendant moved for a direction of verdict in its favor, which was refused. After entry of judgment the defendant appeals, and imputes error on the part of the Circuit Judge. The evidence of the plaintiff, Mrs. Bessinger, shows that she was living at Waycross, Ga., on January 14, 1912, and desired to visit relatives at Olar, S. C. On the afternoon of that day she left Waycross and went to Savannah, Ga., and about seven o'clock that night she purchased a ticket from the agent of the defendant for transportation to Olar on the passenger train of the defendant, leaving Savannah at one-thirty that night, and arrived at the town of Olar, which is a regular station on defendant's road, with an office where tickets are regularly sold, about three-thirty (four-thirty a. m. eastern time) on the morning of the 15th. That when she left Waycross the weather was moderate, but when she arrived at Olar it was very cold; that the ground was covered with sleet and snow; that she had written relatives to meet her, but the letter had miscarried, and there was no one to meet her on her arrival at Olar, and when she got off of the train she went immediately to the waiting room, but found the door locked, and was unable to get in; that there was no one in charge of the waiting room, and no one about the depot or railroad premises; that being unable to get in the station for shelter she was forced with her infant child to travel in the cold over ground covered with sleet and snow about five hundred yards to the home of her mother-in-law; that she suffered intensely with the cold in traveling in the sleet and snow, fell into a ditch and got wet, and finally reached her mother-in-law's house with her child and her-

self almost frozen.  As a result of this exposure she was made sick, and describes her sickness.  She was corroborated in her evidence.  The evidence shows there is a station with ticket agent maintained by the defendant at Olar.  They keep a telegraph and ticket office there, and sell tickets to passengers, and there was evidence that this was the regular train for passengers from Savannah to come on to Olar; a local train, not a through train, and the only train the plaintiff could reach Olar on.  All of the exceptions, except one, raise the point and assign error on the part of his Honor in not directing a verdict for the defendant because there was no evidence that defendant had violated any legal duty it owed the plaintiff, and in not holding that Olar was a flag station, and not a station where tickets were sold, and that section 3266 of the Code of Laws did not apply, and they were not required to have a waiting room open and an employee in charge of the station; that there was no duty for them to have the waiting room open for the passengers arriving at their destination.  These exceptions are overruled.  The defendant sold a ticket to the plaintiff from Savannah, Ga., to Olar to travel over this No. 66 train, which was the local train and the one that she had to take in order to reach Olar from Savannah.  The evidence shows that Olar was a station where tickets were sold by defendant for travel over its road.  Section 3266, Code of Laws, 1912, vol. I, reads: "Every railroad company owning or operating a railroad in this State shall erect and keep at every office where tickets are sold for travel over its road two good rooms or apartments of reasonable size for the amount of travel at such office, which shall be furnished with comfortable seats for the accommodation of passengers; such room to be in charge of an employee of such company and kept open at such hours as to accommodate passengers traveling over such road on any of its passenger trains; and it shall be the duty of the railroad commis-

sioners to enforce the provisions of this section." This statute was intended that the waiting room should be for the benefit of all passengers alike, incoming and outgoing, as the necessities of the occasion demanded. The incoming passenger, if a blizzard, or wind, rain, hail, or snowstorm was in progress, on arrival of the train, has the right to seek and enjoy the place that the law provides shall be prepared for him. The evidence in this case shows a disregard on the part of the defendant of a plain statute law, and there was no error on the part of the Circuit Court as complained of in these exceptions, and they are overruled. The remaining exception complains of error on the part of his Honor in charging on the facts. A careful investigation of the charge shows us that there is nothing in his charge that can be construed as a charge on the facts; there is nothing in his charge that will show that he in any manner intimated to the jury his opinion on any fact in the case, but he was careful to caution and explain to them that they were the sole judges of the facts, and the facts were exclusively for the jury.

All exceptions are overruled. Judgment affirmed.